Gi Nam Lee (SBN 204561)
Trustable Law PC
8350 Wilshire Blvd., Suite 210
Beverly Hills, CA  90211
Tel: 323-879-9300
Email: Ginam.Lee@Trustablelaw.com

Attorneys for Plaintiff MASANGSOFT INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASANGSOFT INC., a Korean corporation, <br><br> Plaintiff, <br><br> vs. <br><br> JAYCE AZUA aka JOSECARLOS AZUA, an individual; GOSU GAMES INC., a Delaware corporation; and <br><br> DOES 1 through 100, inclusive, <br><br> Defendants. | Case No.: _____ <br><br> **COMPLAINT FOR:** <br><br> 1. **Copyright Infringement (17 U.S.C. §101, Et Seq)** <br> 2. **Abuse Of DMCA Counter-Notification Under 17 U.S.C. §512(F)** <br> 3. **Trademark Infringement (15 U.S.C. §1114)** <br> 4. **False Designation Of Origin (15 U.S.C. §1125(A))** <br> 5. **Unfair Competition (California Business & Professions Code § 17200)** <br><br><br> **DEMAND FOR JURY TRIAL** |

1

## INTRODUCTION

1.    This is an action seeking damages and injunctive relief for copyright infringement under the U.S. Copyright Act, 17 U.S.C. § 101 et seq., trademark infringement under the Lanham Act, 15 U.S.C. §1051 et seq., and related claims arising out of Defendants' vindictive and intentional misappropriation, and attempted theft of the intellectual property rights of Plaintiff's online third-person shooting games, "GUNZ THE DUEL" and "GUNZ THE DUEL 2" aka "GUNZ 2: THE SECOND DUEL"

## PARTIES

2.    Plaintiff Masangsoft Inc. ("Plaintiff" or "Masangsoft") is, and at all times mentioned herein was, a corporation organized and existing under the laws of South Korea.  Plaintiff is the owner of the copyrighted work and trademarks that are at issue in this action.

3.    Upon information and belief, Defendant Gosu Games Inc. ("Gosu") is a corporation organized and existing under the laws of Delaware that publishes its game through its website www.gunz.gg and intends to publish its game on the service provider store.steampowered.com.

4.    Upon information and belief, Defendant Jayce Azua aka Josecarlos Azua ("Azua") is an individual resident of Washington who is the founder and CEO of Gosu, or otherwise owns, controls, or is associated with Gosu.

5.    The true names and capacities of Defendants Does 1 through 100, inclusive, whether individual, corporate, associate, or otherwise, are unknown to

Plaintiff, who therefore sue these Defendants by such fictitious names.  Plaintiff will amend this Complaint to show the true names and capacities of these Defendants after they have been discovered.  On information and belief, each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged in this Complaint, and the damages as alleged in this Complaint were proximately caused by the acts or omissions of these Defendants.

## **ALTER EGO ALLEGATIONS**

6.    On information and belief, at all times material to this action, each Defendant was acting as an agent, servant, partner, and/or alter ego of each of the remaining Defendants and, in connection with the matters alleged herein, was acting in the course and scope of such agency.  Plaintiff is further informed and believes, and on that basis alleges, that each Defendant, while acting as principal, expressly acted with the knowledge of the other Defendants and/or expressly directed, authorized, affirmed, consented to, ratified, encouraged, approved, adopted, and/or participated in the acts or transactions of the other Defendants.

7.    Further, Plaintiff is informed and believes, and thereon alleges, as follows:

A. Gosu is not a separate and distinct entity from its principals, owners, or shareholders, and is instead the alter ego of such individuals;

B. Gosu has commingled funds and other assets between the corporation and its owners, using corporate funds for personal use and failing to maintain adequate corporate records or observe corporate formalities;

C. Gosu is inadequately capitalized, rendering it incapable of

3

meeting its financial obligations or defending against claims such as those asserted in this Complaint.

       D. Gosu's principals, owners, or shareholders have dominated, controlled, and operated the corporation as a mere instrumentality or conduit for their personal benefit, disregarding the corporate entity.

       E. Gosu has used the corporate structure to engage in improper conduct, including the unauthorized use of Plaintiff's intellectual property and other acts alleged herein, for the purpose of avoiding liability.

8.    Adherence to the fiction of Gosu's separate corporate existence would promote injustice and inequity by shielding Defendant's principals, owners, or shareholders from liability for their wrongful actions.

9.    Plaintiff seeks to hold Gosu's principals, owners, or shareholders personally liable for the actions of Gosu under the doctrine of alter ego and to pierce the corporate veil to prevent injustice.

## JURISDICTION AND VENUE

10.    This Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. §1121 et seq., 17 U.S.C. §101 et seq., 28 U.S.C. §1331 and 28 U.S.C. §1338(a).

11.    This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 29 U.S.C. §1367.

12.    Defendants are subject to the personal jurisdiction of this Court pursuant to California Code of Civil Procedure §410.10 and Fed. R. Civ. P. 4(k)(1) because Defendants transact business in the State of California and in this District.

4

Defendant has specifically marketed, offered to the public, and otherwise trafficked in the infringing work at issue in this proceeding in the United States and in this District. Defendants purposefully direct their activities into this District and to residents of this District, do business with residents of this District, and avails themselves of the privilege of conducting business in this District. Plaintiff's claims arise out of and relate to Defendants' activities in this District.

13.    Defendants are also subject to the personal jurisdiction of this Court pursuant to 17 U.S.C. §512(g)(3)(D), which contains explicit consent to jurisdiction upon submission of a Digital Millennium Copyright Act ("DMCA") counter-notification. Specifically, Defendants' infringing works are made available for use on the service provider store.steampowered.com ("Steam").  Valve Corporation ("Valve"), which owns and operates Steam, is headquartered in the Western District of Washington. Plaintiff submitted a DMCA notification to Valve relating to Defendants' infringing conduct. According to the DMCA counter-notification submitted by Defendants to Valve, Defendants have explicitly consented to the personal jurisdiction of this District. A true and correct copy of Defendants' DMCA counter-notification submitted to Valve is attached hereto as **Exhibit "A".**

## FACTS COMMON TO ALL CAUSES OF ACTION

### Plaintiff's Game:  GunZ the Duel and Gunz the Duel 2

14.    GUNZ THE DUEL ("GunZ") and GUNZ THE DUEL 2 aka GUNZ 2 THE SECOND DUEL ("GunZ 2") (collectively, the "Games") are online third-person shooting games developed and published by Plaintiff.

15.     GunZ was originally developed and published in approximately February 2004 and GunZ 2 was later developed and published by Maiet Entertainment, Inc. ("Maiet") in South Korea.

16.     Maiet transferred and assigned to Plaintiff, and Plaintiff acquired from Maiet, all rights and goodwill to the Games in 2015. Thus, the Games are original works that belongs exclusively to Plaintiff.

17.     Plaintiff is exempt from registration requirements under 17 U.S.C. § 411(a) in that South Korea and the Unites States are members of the Berne Convention which provides that foreign works that have been published in the foreign country are exempt from the registration requirement of 411(a).  A true and correct copy of the Certificate of Copyright Registration issued on 12/03/2024 from the Korea Copyright Association attesting to Plaintiff's ownership of GunZ and the date of publication is attached hereto as **Exhibit "B"**.

## **Chain of Title for Plaintiff's Trademark Registrations**

### **GUNZ THE DUEL Registration No. 3,340,680 in International Class 009**

18.     On 11/18/2005, Maiet filed with the United States Patent and Trademark Office (the "USPTO") an intent to use application for the trademark GUNZ THE DUEL consisting of the stylized word GUNZ above the stylized words THE DUEL in International Class 009.

19.     On 06/18/2007, Maiet filed a Statement of Use with the First Use In Commerce Date of 07/07/2006.

20.     On 10/23/2007, the USPTO issued Registration Certificate No.

3,340,680 for the following mark:



21.    On 04/11/2014, Maiet filed Section 8 and 15 which was accepted on 04/25/2014 by the USPTO.

### GUNZ THE DUEL Registration No. 3,409,779 in International Class 041

22.    On 10/04/2006, Maiet filed with the USPTO an intent to use application for the trademark GUNZ THE DUEL consisting of the stylized word GUNZ above the stylized words THE DUEL in International Class 041.

23.    On 02/05/2008, Maiet filed a Statement of Use with the First Use In Commerce Date of 07/07/2006.

24.    On 04/08/2008, the USPTO issued the Registration Certificate No. 3,409,779 for the same mark.

25.    On 08/08/2014, Maiet filed Section 8 and 15 which was accepted on 04/22/2014 by the USPTO.

### Assignment of Trademarks by Maiet to Plaintiff and
### Maintenance of Registrations

26.    On or about July 20, 2015, Maiet transferred and Plaintiff acquired all intellectual property rights to Maiet's games GUNZ: THE DUEL and GUNZ: THE

7

DUEL 2, including the aforementioned trademarks (collectively, the "Marks"), and recorded the "Confirmatory Trademark Assignment" on 09/04/2015, bearing the signatures of Maiet's CEO as of 08/05/2015 and Plaintiff's CEO as of 08/06/2015 ("Assignment"). A true and correct copy of the 09/04/2015 Trademark Assignment Cover Sheet and the Assignment are attached hereto as **Exhibit "C".**

27.    On 04/06/2018, Plaintiff filed Section 8 and 9 for Registration No. 3,409,779 which was accepted on 04/18/2018 by the USPTO.

28.    On 04/19/2018, Plaintiff filed Section 8 and 9 for Registration No. 3,340,680 which was accepted on 04/28/2018 by the USPTO.

29.    Plaintiff, along with its predecessor-in-interest Maiet, has continuously used the Marks in commerce.

### Gosu Games Trademark Applications: Gunz

30.    On 12/20/2023, Azua filed two trademark applications for GUNZ in International Class 009 (Serial No. 98324050 for standard characters and 98324060 for stylized).

31.    Azua's applications claim that his first use of the mark GUNZ was at least as early as 03/05/2012, and attached as a specimen the screenshot taken from its website https://gunzduels.com on 12/19/2023 purporting to evidence downloadable computer game software displaying the mark as follows:

8



**<u>Gosu's Attempt to Obtain License from Plaintiff</u>**

32.    While Azua's application for GUNZ was pending with the USPTO, on 02/09/2024, Azua sent an email to Plaintiff's contact listed in the USPTO database requesting to acquire Plaintiff's IP for Gunz: The Duel and Gunz: The Second Duel. In part, Azua wrote, "*I wanted to reach out in regards to GunZ: The Duel, GunZ: The Second Duel, and RaiderZ. Mainly for GunZ: The Duels, where we wanted to have you license us as an official server outside of South Korea. We are interested in acquiring the IP officially from you and we can discuss this where we can cater to a % of sales to an x amount we negotiate with capital up front.*

*We have promising plans to not only remaster the game's source code as well take it mainstream. Not only are we tenured software engineers and game industry veterans and know we are the right team to revive this dying brand that we believe deserves life once again.*

33.    On 03/05/2024, Defendant Azua sent another email from gosu@gosu.games to Mr. Woong Choi of Masangsoft expressing his interest in acquiring the intellectual property rights or licensing arrangements for "GunZ: The Duel." A true and correct copy of the 03/05/2024 email from Azua is attached hereto as **Exhibit "D"**.

*34*.    On 04/12/2024, Azua sent another email expressing an interest in GunZ: The Duel IP licensing and a shopping agreement for a TV animated series. Azua wrote, *"I wanted to follow up on the previous email I sent about acquiring or partnering with MASANGSOFT for GunZ: The Duel licensing IP. A few things I want to reiterate we want to have the green light and blessing from you to do a remaster of the original source code and host an official server outside of South Korea"*

35.    On 05/17/2024, Azua sent a proposal to Plaintiff wherein Gosu would obtain the source code from GunZ the Duel and a license for the GunZ: the Duel IP rights.

36.    On 06/19/2024, Azua backed down from his proposal for the source code and proposed to obtain a Commercial License Agreement for Gunz: The Duel for a fee plus revenue share.

37.    Ultimately, Plaintiff and Defendants had discussions until about June 2024, but could not come to an agreement. On 06/22/2024, Azua wrote to Woong

10

Choi, in part, *"It's unfortunate that we can't get your blessing for us to work on our successor or animated series."*

### **Defendants' Attempts to Steal Plaintiff's IP**

38.     On 07/26/2024, the USPTO issued Nonfinal Office Actions in both of Azua's GUNZ applications, raising the issue of a likelihood of confusion with Plaintiff's Marks in U.S. Registration Nos. 3409779 and 3320680.

39.     Evidently frustrated by Defendants' failure to obtain the source code and/or a license from Plaintiff and the USPTO's refusal, Gosu filed two Petitions for Cancellation of Plaintiff's Marks on 08/19/2024.

40.     On 09/10/2024, the USPTO issued a Suspension Notice for Azua's applications pending the outcome of the cancellation proceedings.[1]

### **Gosu Games Trademark Applications: Gunz the Duel**

41.     In furtherance of Defendants' bad and malicious acts, on 10/3/2024, Gosu filed a trademark application for GUNZ in International Class 041 (Serial No. 98784785).

42.     Gosu's application claims that its first use of the marks GUNZ was at least as early as 03/05/2012, and attached as a specimen, among others, the screenshot taken from its website https://gunz.gg/ on 10/3/2024 purporting to evidence downloadable computer game software displaying the mark as follows:

---

[1] The Petition to Cancel Nos. 92085999 (Parent) and 92086015 are suspended pending the outcome of Plaintiff's Motion to Set Aside Default.



43.    On 10/03/2024, Gosu filed two additional trademark applications for GUNZ THE DUEL in International Class 009 (Serial No. 98784698) and 041 (Serial No. 98784823).

44.    Gosu's applications claim that its first use of the marks GUNZ THE DUEL was at least as early as 04/05/2012, and attached as a specimen the same screenshot taken from its website https://gunz.gg/ on 10/3/2024 purporting to evidence downloadable computer game software displaying the mark.



45.    Notably, Gosu did not exist in 2012. According to the records of the Delaware Secretary of State, Gosu Games Inc. was incorporated in Delaware on 12/21/2023. A true and correct copy of the Certificate of Incorporation from Gosu Games Inc. is attached hereto as **Exhibit "E"**.

46.    Moreover, Gunz.gg was not registered until 03/08/2024. A true and correct copy of the registration records from whois.com is attached hereto as **Exhibit "F"**.

47.    Consistent with Azua's malfeasance, on 10/11/2024, Azua sent a parting email to Woong Choi stating that "Gunz the Duel" launch on Steam is going to be a "massive failure". But he added that he was "open to discussion.

## **Defendants' Infringing Game**

48.    Upon information and belief, Defendants have, without authorization from Plaintiff, offered Gunz the Duel[2] through its private server https://gunz.gg. Below is a screenshot as of 12/11/2024 from Gosu's website https://gunz.gg.



---

[2] In a futile attempt to limit its liability, Gosu recently changed the stylized mark for Gunz: The Duel.

13

49.     The website has a scrolling banner on top that reads, "Play the Official GunZ: The Duel. Wishlist on Steam NOW!".

50.     Upon information and belief, Defendants plan to offer Defendants' infringing work through Steam incorporating a title, logos, map, designs, content, and characters that is substantially similar to the title, logos, map, gameplay, designs, content, and characters embodied in Plaintiff's Work as shown in the comparison of the respective works below and as attached hereto as **Exhibit "G"**.



14

**Plaintiff's Main Page on Steam**

51.     The similarities between the individual elements (marked and numbered in red) of Gosu's Steam page and Plaintiff's Steam page are undeniable: (1) the game map and illustration; (2) the "Z" icon on the upper left corner are identical; (3) the GUNZ THE DUEL logos are identical, and (4) the avatars, weapons, and/or characters as specified in **Exhibit G** are similar, if not identical.

52.     Defendants' work infringes on Plaintiff's intellectual property rights and have caused damage to Plaintiff.

53.     Upon information and belief, Defendants have consciously and in bad faith copied and used Plaintiff's intellectual property to gain a position in the marketplace that they would not otherwise have and as part of a transparent attempt to enhance their own business at Plaintiff's expense.

54.     Upon information and belief, Defendants have earned profits on their sales of the above-described infringing games. Likewise, upon information and belief, Plaintiff has lost sales as a direct result of the sales of such infringing services by Defendants.

55.    After Defendant's infringing services were brought to Plaintiff's attention, Plaintiff submitted a DMCA "takedown" notices on or about 11/21/24 with Steam under 17 U.S.C. § 512(c) to remove the listings of Defendants' infringing services, which was described as "Gunz the Duel."

56.    In response to Plaintiff's DMCA takedown notice, Defendant Azua submitted a DMCA "counter-notification" to Valve under 17 U.S.C. § 512(g)(3) which was forwarded to Plaintiff on or about 11/28/2024.

57.    Pursuant to §17 U.S.C. §512(g)(2)(B)–(C), Valve had to inform Plaintiff of the counter-notification. Section 512(g)(2)(B) and (C) also requires Valve to replace any removed material or cease disabling access to Defendants' listings for the infringing services within fourteen (14) business days of the counter-notification, unless Plaintiff provides Valve notice that it has filed an action in Court to restrain the Defendants from the infringing activity.

58.    Plaintiff has no adequate remedy at law.

## **COUNT I**
## **(COPYRIGHT INFRINGEMENT 17 U.S.C. §§106, et. seq)**
## **(Against All Defendants)**

59.    Plaintiff repeats and realleges paragraphs 1 to 58 of the Complaint as if the same were fully set forth herein and with the same full force and effect.

60.    Plaintiff is, and at all relevant times has been, the owner of the exclusive rights under the Copyright Law of Korea in the Game.

61.    Plaintiff's Work is a foreign work that was first published in 2004 outside of the United States and as such, is exempt from the registration requirements under 17 US.C. 411(a).

62.    Among the exclusive rights granted to Plaintiff under the Copyright Act is the exclusive right to use or to license the right to use the "Gunz the Duel" game to others.

16

63.     Without Plaintiff's authorization, upon information and belief, Defendants have created or had others create a game incorporating designs that are substantially similar to those of Plaintiff's Work, and Defendants offered or will offer such services online, including, upon information and belief, to residents of this District.

64.     Upon information and belief, the foregoing acts of infringement have been willful and intentional, with wanton disregard and indifference to the rights of Plaintiff.

65.     As a result of Defendants' infringement of Plaintiff's copyright and the exclusive rights embodied therein, Plaintiff is entitled to the recovery of its actual damages, together with an accounting of profits, or, alternatively, an award of statutory damage pursuant to 17 U.S.C. § 504, along with its reasonable attorney's fees and costs, pursuant to 17 U.S.C. § 505.

66.     Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated or measured through an award of monetary damages.  Plaintiff has no adequate remedy at law and is entitled to injunctive relief pursuant to 17 U.S.C. §§ 502 and 503 prohibiting Defendants from further infringing Plaintiff's copyright and ordering Defendant to take down all forms of the game made in violation of Plaintiff's copyright.

## COUNT II
## (ABUSE OF DMCA COUNTER-NOTIFICATION UNDER 17 U.S.C. §512(f)) (AGAINST ALL DEFENDANTS)

67.     Plaintiff incorporates paragraph 1 through 66 above as if fully set forth herein.

68.     After Plaintiff initiated a DMCA takedown to prevent Defendants from offering the infringing works at issue, Defendants filed a counter-notification with

Valve.

69.    Defendants abused the DMCA counter-notification system and misrepresented material facts when they submitted the counter-notification to Valve. Defendants are well aware that they are offering games that infringe Plaintiff's Work. By submitting a counter-notification, however, Defendants ask Valve to rely on Defendants' misrepresentations and to replace and restore access to Defendants infringing product listing.

70.    Defendants' conduct thus violates 17 U.S.C. §512(f).

71.    Defendants have realized or are likely to soon realize unjust profits and unjust enrichment as a proximate result of its abuse of the DMCA counter-notification system in an amount yet to be determined.

72.    As a direct and proximate result of Defendants' abuse of the DMCA system, Plaintiff has suffered and will continue to suffer actual damages. Plaintiff is entitled to actual damages and any gains, profits, and advantages obtained by Defendants resulting from Defendants' abuse of the DMCA counter-notification system.

73.    Plaintiff is further entitled to recover its attorneys' fees and full costs per 17 U.S.C. § 512(f).

## COUNT III
## (TRADEMARK INFRINGEMENT 15 U.S.C. §§1114, et. seq)
### (Against All Defendants)

74.    Plaintiff repeats and realleges paragraphs 1 to 73 of the Complaint as if the same were fully set forth herein and with the same full force and effect.

75.    Plaintiff is, and at all relevant times has been, the owner of the federally registered trademarks, GUNZ THE DUEL, which has been in continuous use in commerce since 2006.

76.    Defendants' unauthorized use of Plaintiff's trademarks constitutes

18

infringement of Plaintiff's federally registered trademark in violation of 15 U.S.C. § 1114.

77.    Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated or measured through an award of monetary damages.  Plaintiff has no adequate remedy at law and is entitled to injunctive relief pursuant to 17 U.S.C. §§ 502 and 503 prohibiting Defendants from further infringing Plaintiff's trademarks, and ordering Defendant to take down all forms of the mark made in violation of Plaintiff's trademarks.

## COUNT IV
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. §1125(a)
## (Against All Defendants)

78.    Plaintiff repeats and realleges paragraphs 1 to 78 of the Complaint as if the same were fully set forth herein and with the same full force and effect.

79.    Defendants' actions constitute the use of a false designation of origin, false or misleading description of fact, and/or false or misleading representation of fact, in violation of 15 U.S.C. § 1125(a).

80.    Defendants have perpetuated their misrepresentation by filing the trademark applications despite their knowledge of Plaintiff's trademarks and refusal by the USPTO.

81.    Defendants' conduct has caused and is likely to cause confusion, mistake, or deception among consumers, to the detriment of Plaintiff.

## COUNT V
## UNFAIR COMPETITION (California Business & Professions Code § 17200)
## (Against All Defendants)

82.    Plaintiff repeats and realleges paragraphs 1 to 81 of the Complaint as if

the same were fully set forth herein and with the same full force and effect.

83.    Defendants' actions constitute unfair competition under California Business & Professions Code § 17200 et seq.

84.    Defendants have engaged in unlawful, unfair, or fraudulent business acts or practices, causing harm to Plaintiff and to the public.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests entry of a judgment granting relief against Defendants as follows:

1.    Awarding Plaintiff actual damages for each infringement of its copyright and trademarks in such amount as may be found;

2.    Ordering Defendants to make an accounting of, and imposing a constructive trust with respect to, Defendants' profits attributable to its infringements of Plaintiff's copyright and trademarks;

3.    Awarding Plaintiff statutory damages on its claim for infringement of its copyright in such amount as may be found, as permitted by 17 U.S.C. § 504;

4.    An award of Defendants' profits and damages sustained by Plaintiff as a result of Defendants' unlawful actions, including treble damages pursuant to 15 U.S.C. § 1117;

5.    Preliminarily and permanently enjoining Defendants, their agents, servants, companies, affiliates, employees and attorneys, and those persons in active concert or participation with them, or any of them, from continuing to infringe on the trademarks or any mark confusingly similar thereto, and copyright in the Plaintiff's work;

6.    Awarding Plaintiff prejudgment interest according to law;

7.    Awarding Plaintiff its reasonable attorney's fees on its claims for infringement of its trademarks and copyright described above;

8.    An order requiring Defendants to deliver up for destruction all goods,

packaging, advertising, and promotional materials bearing Plaintiff's trademark or any mark confusingly similar thereto;

9.  Granting Plaintiff such other and further relief as this Court may deem just and proper.

DATED: <u>December 13, 2024</u>          **TRUSTABLE LAW PC**


By: <u>/s/ Gi Nam Lee</u>
Gi Nam Lee
Attorneys for Plaintiff Masangsoft, Inc.



**DEMAND FOR JURY TRIAL**

Plaintiff requests a trial by jury on the Complaint

DATED: <u>December 13, 2024</u>          **TRUSTABLE LAW PC**


By: <u>/s/ Gi Nam Lee</u>
Gi Nam Lee
Attorneys for Plaintiff Masangsoft, Inc.

**COMPLAINT**